UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORA L. C.,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:24-cv-05302-GJL<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 10, 14, 15.

After considering and reviewing the record, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

**I.    PROCEDURAL HISTORY**

Plaintiff's application for Supplemental Security Income (SSI) benefits was denied initially and following reconsideration. *See* Administrative Record (AR) 70, 71. Plaintiff's

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

requested hearing was held before the ALJ on June 27, 2023. AR 36–59. On August 31, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–35. On February 27, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. AR 1–6. On April 22, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 6. Defendant filed the sealed AR in this matter on June 21, 2024. Dkt. 8.

## II.   BACKGROUND

Plaintiff was born in 1966 and was 54 years old on her amended alleged onset date of November 29, 2021. AR 17, 29. Plaintiff has at least a high school education. AR 29. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of status-post left trigger finger release surgical repair, status-post cholecystectomy, depressive disorder, and anxiety disorder. AR 19. However, the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity (RFC):

> to perform medium work as defined in 20 CFR 416.967(c) except she can frequently handle and finger with the left, non-dominant hand. She can have frequent exposure to vibrations. She can occasionally interact with co-workers and the public.

AR 22.

## III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In her opening brief, Plaintiff argues the ALJ erred by (1) purportedly failing to administer an oath to both her and the vocational expert (VE); and (2) improperly assessing two medical opinions.

**A.      Oaths**

Plaintiff argues her hearing was deficient because, she says, neither she nor the VE were required to take an oath or affirmation to tell the truth in their testimony. Dkt. 10 at 4–6.

The hearing transcript does not include a transcription of an oath, but the regulations require only that an oath be administered, not that the words of the oath appear in the transcript. *See* 20 C.F.R. §§ 416.1450(e) ("Witnesses . . . will testify under oath or affirmation . . . ."), 416.1565(i) ("Witnesses who testify at the hearing shall do so under oath or affirmation.").

Here, the transcript reflects, in a manner consistent with agency policy, that Plaintiff and the VE were indeed administered oaths. *See* AR 43 ("The claimant, Lora [C.], having been first duly sworn, testified as follows:"); AR 54 ("The vocational expert, Patricia Ayerza, having been first duly sworn, testified as follows:"); *Preliminary Review and Placement of the Hearing Transcript(s) into the Certified Administrative Record*, Hearings, Appeals, and Litigation Manual I-4-2-15 (June 2023) ("The transcriber must show each witness' testimony as commencing with an oath, even though the ALJ administered the oath at the start of the hearing.").

Even if this were not so, Plaintiff forfeited this argument by failing to raise it either at the hearing or to the Appeals Council. *See White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) ("failure to raise an issue 'at both [the] hearing before the ALJ and the Appeals Council' constitutes forfeiture") (citing and quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)).

//

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

**B.      Medical Opinions**

Plaintiff challenges the ALJ's assessment of the medical opinions of Justin Stamschror, MD, and William Wilkinson, Ed.D. Dkt. 10 at 7–15.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

Consultative examiners Drs. Stamschror and Wilkinson completed opinions in February and October 2022, respectively, based on examinations of Plaintiff. AR 411–14, 449–54. Dr. Stamschror opined Plaintiff had "impaired" abilities in several areas, including performing detailed and complex tasks, performing work activities on a consistent basis, and adapting to stress. *See* AR 414. Dr. Wilkinson opined Plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual; maintain appropriate behavior; and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 454. The ALJ found both opinions unpersuasive. AR 26.

The ALJ properly found both opinions were "not consistent with the other medical evidence" showing "generally normal and stable mental status examination findings." *See* AR

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

26; *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding normal mental status examinations inconsistent with opinions proper basis on which to reject the opinions); *see also Bayliss*, 427 F.3d at 1216 (discrepancy with medical evidence "is a clear and convincing reason for not relying on the doctor's opinion"). In the decision,[1] the ALJ noted that the Plaintiff's mental status examinations have:

> noted many normal findings, with the claimant being noted, at times, to be in no distress, to be alert and oriented to person, place, and time, to have normal affect, to have normal concentration, to have normal speech, to have normal insight, to have normal mood, to have normal behavior, to be cooperative, to have normal attention and perception, to have normal cognition, to have normal memory, to have normal judgment, and to have normal thought content[.]

AR 25 (citing AR 286, 289, 548–49, 554–55, 560–61, 567–68, 574–75, 578–79, 581–82, 584–85). The ALJ reasonably found such normal examination results inconsistent with the opined limitations.

Plaintiff contends the ALJ erred by ignoring another treatment note with purportedly abnormal mental indices. Dkt. 15 at 3 (citing AR 558–60). Although the treatment note indicated dysphoric mood and depression as symptoms of Plaintiff's impairments (AR 559), it did not suggest Plaintiff had such symptoms at the time of examination, as the mental status examination conducted was normal (AR 561). Although it indicated Plaintiff's symptoms waxed and waned (AR 559), such a statement reveals little about how limiting Plaintiff's symptoms were at their peak or low point. This treatment note, therefore, does not cast doubt on the ALJ's conclusion

---

[1] Although this description was found elsewhere in the opinion and the ALJ only cited several exhibits in full without point to particular examinations in his explanation for finding the two opinions unpersuasive, this is not fatal. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (The Court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("[T]he court clearly erred by overlooking the ALJ's full explanation. Looking to the entire record, substantial evidence supports the ALJ's conclusion").

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

that the largely normal mental status examinations in the record were inconsistent with the opinions of Drs. Stamschror and Wilkinson.

Plaintiff also argues the ALJ improperly relied upon mental status examinations from urgent care or emergency room visits unrelated to mental health care (Dkt. 15 at 2–3), but such evidence can still properly be relied upon in assessing a claimant's mental limitations. *Cf. Sprague v. Bowen*, 812 F.3d 1226, 1232 (9th Cir. 1987) (finding primary care physician competent to provide opinion on a claimant's mental health because "it is well established" such physicians "identify and treat the majority of Americans' psychiatric disorders" and because he provided "clinical observations of [the claimant's] depression").

Finally, Plaintiff contends the ALJ erred in finding the opinions inconsistent with the medical evidence because he did not consider that the two opinions were consistent with one another. Dkt. 10 at 11. The ALJ, however, properly found that both opinions went against the weight of the rest of the medical evidence, and this was a valid basis on which to find them both unpersuasive. *See Ford*, 950 F.3d at 1156; *Bayliss*, 427 F.3d at 1216. The ALJ's consistency determination need only be supported by substantial evidence, and the inconsistency with the medical evidence was sufficient to meet this standard.

The ALJ also discounted the two opinions because the sources had not reviewed the rest of the medical evidence. AR 26. This is a valid consideration. *See* 20 C.F.R. § 404.1520c(c)(5) (ALJ can consider "evidence showing a medical source has familiarity with the other evidence in the claim").

In sum, the ALJ properly relied upon substantial evidence to reject the opinions of Drs. Stamschror and Wilkinson by finding they were inconsistent with the medical evidence. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion"); *Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm).

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 15th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge